**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DARRYL HOOPER,

Plaintiff(s),

vs.

AGGREGATE INDUSTRIES-SWR, INC.,

Defendant(s).

Case No. 2:14-cv-02179-GMN-NJK

ORDER

(Docket Nos. 42, 43)

Pending before the Court is Plaintiff's motion to extend. Docket Nos. 42, 43.[1] The motion is not sufficiently discernible to enable a ruling. First, the motion appears to seek, *inter alia*, extension of various expired deadlines to later dates that have nonetheless also already passed. *See, e.g.*, Docket No. 43 at 2 (asserting that Plaintiff's counsel "now comes to the Court with a proposed extension up to and including October 15, 2015 by which to file a Motion to Amend the Complaint"); *but see id.* at 4 (proposing that deadline to amend the pleadings remain as September 14, 2015). Similarly, the motion speaks in future terms about previous events. *See, e.g., id.* (asserting that "Defendant's client representative will not be able to attend" the ENE on October 20, 2015). Second, the reason elaborated for the delay is that Plaintiff's counsel had a trial and speaking engagements during the summer. *See*

[1] Docket No. 42 is a redlined version of the motion, which the Court assumes was filed in error.

*id.* at 2-3.[2] There is no explanation as to why counsel's summer schedule establishes sufficient reason for an extension of deadlines now. To the contrary, Plaintiff's counsel states that she "contemplates [sic] this case having her primary focus this fall." *See id.* at 2-3. Third, the motion is devoid of legal analysis as to why good cause and/or excusable neglect exists to support the requested relief. *See, e.g.*, Local Rule 26-4 (outlining applicable standards). Fourth, the motion states that "extensive" discovery has been taken, Docket No. 43 at 2, but does not specify the discovery taken as required, *see* Local Rule 26-4 (a). Fifth, the errors in the motion are sufficiently significant that the Court cannot determine with a reasonable degree of certainty the relief sought. For example, it appears Plaintiff seeks a new discovery cut-off of March 16, 2016,[3] but the motion then immediately asserts that Plaintiff is seeking a discovery cutoff that is "181 days . . . from the date of the parties' Fed. R. Civ. P. 26(f) conference on June 2, 2015."[4] *See* Docket No. 43 at 4; *see also id.* at 5-6 (purporting to seek deadline for joint proposed pretrial order on May 16, 2016, the same day as the requested deadline for dispositive motions, but then stating that date is "thirty-one (31) days [sic] (as 30 days after the dispositive motion deadline is a Sunday)"). Sixth, it does not appear that a meet-and-confer was held with respect to the relief requested. *Cf.* Local Rule 26-7(b).

The motion to extend is hereby **DENIED** without prejudice. It appears that Plaintiff's counsel took a document or amalgam of documents previously filed in this case, made a few cursory changes, and then filed the document without reviewing it in any meaningful way. The Court will not expend scarce judicial resources sifting through such a filing in an effort to discern the basic information required from counsel. Plaintiff's counsel is advised to review carefully all documents she files with

---

[2] The motion also notes elsewhere scheduling conflicts for depositions that the parties now appear to intend to take in December. *See id.* at 2. No elaboration is provided as to these scheduling conflicts, nor is discussion provided as to why taking depositions in December apparently warrants a new discovery cutoff to be set in mid-March. *See* Docket No. 43 at 6.

[3] The motion actually references March 16, <u>2015</u>. *See id.* at 4, 5.

[4] The June 2, 2015, date itself appears to be a mistake. *See* Docket No. 18 at 1 (asserting that conference was held on June 15, 2015); *see also id.* at 4 (correcting date for parties in their proposed discovery plan).

the Court. Any renewed motion to extend should not be in redline format, and should clearly explain the relief sought and how the standards have been met for that relief. Any renewed motion should also be brought in compliance with applicable local rules.

IT IS SO ORDERED.

DATED: November 23, 2015

______________________________
NANCY J. KOPPE
United States Magistrate Judge